**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACKIE ROBERTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:26-cv-01006-PLC** |
| | ) | |
| **ST. LOUIS PUBLIC SCHOOLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Jackie Roberts' Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] and Motion for Appointment of Counsel [ECF No. 3]. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, and waives the filing fee. Additionally, the Court provides Plaintiff the opportunity to file an amended complaint on the enclosed form and denies without prejudice her motion to appoint counsel.

## I. Application to Proceed Without Prepaying Fees or Costs

Plaintiff filed a *pro se* Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2] In her application, Plaintiff states she has no income or savings and expenses of $700 a month. [ECF No. 2] Having reviewed the application and supporting financial information, the Court finds that Plaintiff is unable to pay the costs associated with this action. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants the application and waives the filing fee.

## II. Initial Review of the Complaint

### A. Legal Standard on Initial Review

Because the Court has granted Plaintiff's Application to Proceed Without Prepaying Fees or Costs, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision

requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). A "liberal construction" means that if the essence of an allegation is discernible, the district court construes the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

B. The Complaint

Plaintiff brings this action against Defendant St. Louis Public Schools alleging employment discrimination based on her religion, gender, and age under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. [ECF No. 1] Plaintiff claims Defendant

terminated her employment and retaliated against her. [ECF No. 1] Plaintiff alleges she was "working with 2 other women younger than [her,]" one of which was her "lead." [ECF No. 1] Plaintiff asserts "the younger co-worker got mad and threatened me cause of my age all because she did not like the fact that I spoke up for someone else and I ended up getting fired because her and the other co-worker were cool and she worked against me and I got fired." Plaintiff states she was terminated in retaliation on "April 21st[;]" that she filed a charge of discrimination with the Missouri Commission on Human Rights on June 14, 2026; and that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). [ECF No. 1] Plaintiff appended to her complaint an EEOC right to sue letter dated June 14, 2026.

Liberally construing Plaintiff's allegations, the complaint fails to state a plausible claim for relief. While Plaintiff alleges that her co-worker "threatened" her because of her age, Plaintiff's allegations suggest that she was terminated due to a workplace dispute unrelated to her age. Further, Plaintiff's complaint contains no allegations in support of her claims that she was subject to religious or gender discrimination. Federal pleading standards require that a complaint contain sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. However, considering Plaintiff's self-represented status, the Court will allow her to file an amended complaint in accordance with the instructions below.

C. Instructions for Amending the Complaint

Pursuant to Local Rule 2.06, Plaintiff shall file her amended complaint on the enclosed form. The amended complaint must include specific facts supporting Plaintiff's claims of religious, gender, and age discrimination. Plaintiff should describe what specific actions Defendant took that she believes were discriminatory, when those actions occurred, and how they were connected to her protected characteristics.

Additionally, Plaintiff should clearly identify the legal basis for her claims (e.g., Title VII of the Civil Rights Act, the Age Discrimination in Employment Act of 1967, or the Rehabilitation Act) and attach all supporting documentation, including her original charges of discrimination and the subsequent administrative decisions. These documents cannot substitute for factual allegations in the complaint itself. Thus, Plaintiff cannot rely solely on the administrative decisions to supply the necessary factual allegations for her claim. *See Aery v. Arhart*, No. 21-CV-111 (PJS/TNL), 2021 WL 5413876, at *1 (D. Minn. June 3, 2021) (Federal Rule 8(a)(2) requires "the pleading to set forth the factual basis for the claims being raised, rather than merely gesturing to an exhibit and implying that the relevant factual allegations can be found there.").

An amended complaint completely replaces the original complaint, meaning any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Because Plaintiff is proceeding without prepaying fees or costs, the Court will review her amended complaint under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form by December 2, 2026, per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**III. Motion for Appointment of Counsel**

Plaintiff has also filed a Motion for Appointment of Counsel. [ECF No. 3] Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that

plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Neither the factual nor legal issues in this case appear complex. The Court may entertain future motions for appointment of counsel as the case progresses.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and waives the filing fee in this matter. Additionally, the Court directs Plaintiff to submit an amended complaint on the enclosed form in accordance with the instructions provided herein. Finally, the Court denies Plaintiff's Motion for Appointment of Counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, **no later than December 2, 2026,** Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with the Order will result in the dismissal of this action without prejudice and without further notice.**

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November 2026